UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARL A. TOWNSON, ET AL. | CIVIL ACTION |
| VERSUS | NO. 06-10545 |
| CRAIN BROTHERS, INC. | SECTION "N"  (1) |

# ORDER

Before the Court are the following motions filed by Defendant, Crain Brothers Inc.: (1) Motion to Dismiss Based on Abstention or Lack of Subject Matter Jurisdiction or Alternatively, Motion to Stay Pending Resolution of State Court Proceedings (Rec. Doc. No. 4); (2) Motion to Review Magistrate's Order (Rec. Doc. No. 31). The Court has determined that abstention is not warranted in this case; however, the Court finds it appropriate to stay these proceedings pending the disposition of the state court action.

The Court further finds that the Magistrate's ruling was not clearly erroneous or contrary to law; accordingly, the Motion to Review Magistrate's Order is **DENIED**.

## I.  BACKGROUND

This case arises out of alleged injuries sustained by Carl Townson on November 26, 2005 while he was assisting in the mooring operations of the M/V MS. JANE, a vessel owned and operated by his Jones Act employer, MNM Boats, Inc. ("MNM"). At the time of the accident, Townson was attempting to moor the vessel when he slipped and fell from the dock into the water and rocks below. The dock, located in Grand Chenier, Louisiana, is owned by Defendant Crain Brothers Inc. ("Crain"). After the incident, Townson entered into a settlement agreement with MNM, pursuant to which MNM and its insurer, Houston Casualty Company, tendered a lump sum

to Townson, as well as maintenance and cure payments.

On November 22, 2006, Townson, MNM, and Houston Casualty ("Plaintiffs") filed suit against Crain in the Eastern District of Louisiana, asserting jurisdiction based on the general maritime law under 28 U.S.C. § 1333. Townson seeks damages due to Crain's alleged negligence in maintaining its dock; MNM and Houston Casualty seek reimbursement for the maintenance and cure payments tendered to Townson. On November 27, 2006, five days after filing the federal court complaint, Plaintiffs filed an identical suit in the 38th Judicial District Court for the Parish of Cameron, State of Louisiana.[1]

On March 14, 2007, Crain filed the instant Motion to Dismiss or in the Alternative, Motion to Stay. Crain argues that this Court should dismiss or stay the instant matter based on abstention. In the alternative, Crain contends that the Court should dismiss this action due to lack of subject matter jurisdiction. Oral argument was heard on the Motion to Dismiss on April 25, 2007, and supplemental memoranda on the issue of subject matter jurisdiction were submitted on April 30, 2007.

## II. LAW AND ANALYSIS

Crain asks this Court to dismiss or stay the action against it in favor of a state court adjudication of the issues. While the Court finds such a stay to be appropriate under the circumstances presented herein, the Court declines to do so based on either of Crain's arguments in favor of a stay. Crain asserts that dismissal or stay is proper under both *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and *Colorado River Water Conservation District v. United*

---

[1] Both in their opposition memorandum and at oral argument, Plaintiffs referred to the state court suit as a "safe suit" filed "out of an abundance of caution."

*States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).  After evaluating the facts of this case in light of the relevant Fifth Circuit and Supreme Court case law, the Court finds that the only type of abstention arguably applicable in this case is that recognized under *Colorado River*.[2]  Under *Colorado River*, a federal court may stay or dismiss a case in favor of a concurrent state court proceeding under "extraordinary and narrow" circumstances when the interests of justice require. *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 (5th Cir. 1999).  However, in light of the "virtual unflagging obligation of the federal courts to exercise the jurisdiction given them," the general rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River*, 424 U.S. at 817.  After reviewing the Fifth Circuit case law on this issue, the Court finds that there are no exceptional circumstances warranting abstention in this case.[3]

Nevertheless, the Court finds that the circumstances warrant a stay of these proceedings pending the resolution of the state court matter.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American*

---

[2] *Younger* abstention "is appropriate where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings or proceedings similar to criminal proceedings, such as nuisance proceedings antecedent to a criminal prosecution, *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), or the collection of state taxes, *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943)." *Woodward v. Sentry Select Ins. Co.*, No. 03-2481, 2004 WL 834634, at *3 (E.D. La. 2004).  The absence of such proceedings in this case indicates that *Younger* abstention is inappropriate.

[3] There are six factors to consider in making this determination:  (1)  the assumption by either court of jurisdiction over a *res*; (2)  the relative inconvenience of the forums; (3)  the avoidance of piecemeal litigation; (4)  the order in which jurisdiction was obtained by the concurrent forums; (5)  to what extent federal law provides the rules of decision on the merits; and (6)  the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *See Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006).

*Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). In terms of how much progress has been made in the respective actions, the Court finds that the state court case is further along. Crain has filed an answer to the state court suit, and discovery is ongoing. In contrast, in the federal action, the Court has yet to hold its preliminary conference and, as a result, has not even issued a scheduling order. The Court also finds it significant that the Plaintiffs filed suit in federal court a mere five days before filing an identical suit in state court.

In considering a stay pending adjudication in another tribunal, the Court must determine whether that tribunal has the power to render an effective judgment on issues that are necessary to the disposition of the stayed action and whether the federal action serves some purpose beyond mere duplication of effort. *PPG Industries v. Continental Oil Co.*, 478 F.2d 674, 682 (5th Cir. 1973). Under the savings-to-suitors clause, state courts may exercise concurrent jurisdiction over maritime claims. *See Linton v. Great Lakes Dredge & Dock Co.*, 964 F.2d 1480, 1484-85 (5th Cir. 1992), *cert. denied*, 506 U.S. 975, 113 S.Ct. 467 (1992); *Williams v. M/V SONORA et al*, 985 F.2d 808, 812, n. 7 (5th Cir. 1993). Accordingly, to the extent that Plaintiffs' claims are governed by the general maritime law as opposed to state tort law, the state court has power to render an effective judgment. Further, there is no indication that the federal proceeding serves any useful purpose other a duplication of effort. Accordingly, in the interests of judicial efficiency as well as comity, the Court finds it appropriate to stay the federal action pending the resolution of the state court proceedings.[4]

---

[4] This ruling is without prejudice to any party's right to move to reopen this matter in the event that this dispute cannot be fully adjudicated in state court. Further, this ruling is without prejudice to Crain's right to reurge its motion to dismiss for lack of subject matter jurisdiction in the event that this matter is reopened.

**Defendant's Motion to Review Magistrate's Order**

Defendant moves the Court to review the June 25, 2007 order of the Honorable Sally Shushan requiring Defendant to pay the costs and fees associated with the cancellation of the state court deposition of Carl Townson. Defendant argues that it acted appropriately in canceling the deposition due to Plaintiffs' failure to provide formal and complete discovery responses. Defendant further argues that the relief sought by Plaintiffs under Rule 30 of the Federal Rules of Civil Procedure does not apply to the cancellation of a state court deposition and that Plaintiffs should seek such relief from the state court.

A magistrate judge is afforded broad discretion in the resolution of non-dispositive motions. *See* Fed.R.Civ.P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). A district court may only reverse a magistrate judge's ruling where the court finds the ruling to be "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); *Castillo v. Frank*, 70 F.3d 382 (5th Cir. 1995).

Crain noticed Townson's deposition in the state court proceeding for May 18, 2007. Plaintiffs agreed to produce Townson, who lives in Florida, for his deposition in New Orleans. In that late afternoon of the day before the deposition was scheduled to take place, counsel for Crain confirmed with Plaintiffs' counsel that the deposition would proceed. The next morning, after Townson had already traveled 300 miles from Florida to New Orleans, counsel for Crain canceled the deposition. Further, as pointed out by the Magistrate, the deposition of Carl Townson was cross-noticed in the federal court proceeding. Moreover, the Court finds unpersuasive Crain's counsel's argument that he was unaware of the cross-notices.[5] The Court agrees with the Magistrate Judge

---

[5] According to counsel for Crain, "the cross-notice pleading was contained in a mail folder that had not yet been read by [him] due to his involvement in a 10-day jury trial."

that "[i]f the parties must provide reasonable notice to schedule a deposition, they must also provide reasonable notice to cancel a deposition," particularly when the only proffered reason for such failure is the fact that counsel was involved in a ten-day trial. Accordingly, the Court finds that the Magistrate Judge's ruling is not clearly erroneous or contrary to law.

### III.  CONCLUSION

Accordingly, **IT IS ORDERED** that the Magistrate Judge's order imposing costs is **AFFIRMED**, and Defendant's Motion to Review Magistrate's Order is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is **STAYED** and administratively closed for statistical purposes, pending the outcome of the state court litigation.

New Orleans, Louisiana, this  17th  day of August, 2007.

**KURT D. ENGELHARDT**
**United States District Judge**